RECEIVED
AUG 10 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| EDDY GREIG, et al. | CIVIL ACTION NO. 03-0417 |
| VS. | JUDGE DOHERTY |
| PAMELA CHAMPAGNE THIBODEAUX, et al. | MAGISTRATE JUDGE METHVIN |

## RULING ON AMOUNT OF RULE 37(a)(4) SANCTIONS

On June 21, 2006, the undersigned magistrate judge conducted oral argument on an unopposed motion to compel, to enforce ruling on motions to compel, and for sanctions, filed by defendants the City of St. Martinville, Mayor Eric Martin, and Pamela Champagne Thibodeaux on April 27, 2006 (Rec. Doc. 93).[1] The undersigned also granted defendants' motion for attorneys fees incurred in connection with the prosecution of the motion and ordered that defendants submit an affidavit of costs and fees on or before July 3, 2006. That affidavit is now before the court.[2] It is unopposed.

Rule 37(a)(4)(A) FED. R. CIV. P. provides that when a motion to compel is granted, "the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other

---

[1] See Minutes of Oral Argument, Rec. Doc. 115.

[2] Rec. Doc. 119.

2

circumstances make an award of expenses unjust." Reasonable attorney's fees are determined by multiplying the reasonable hours expended by a reasonable hourly rate. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983). The calculation of reasonable hours requires a determination of whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended. <u>League of United Latin American Citizens #4552 (LULAC) v. Rosco Independent Sch. Dist.</u>, 119 F. 3d 1228, 1232 (1997). A reasonable hourly billing rate is based on the "prevailing market rates in the relevant community." <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984).

Defendants seek an award of $3,311.50 in attorney's fees and other expenses, which includes 13.1 hours billed by attorney James Pate at a rate of $135.00 per hour, 14.40 hours billed by attorney Jed Mestayer at a rate of $95.00 per hour, and 3.50 hours billed by an unidentified paralegal at a rate of $50.00 per hour. After reviewing the affidavit and the underlying discovery dispute, as well as the history of plaintiffs' and plaintiffs' counsel's repeated failure to cooperate in the discovery process in this case, the undersigned concludes that the number of hours expended and the hourly rates sought are reasonable.

**IT IS THEREFORE ORDERED** that plaintiffs shall forward payment to defendants through their counsel of record the sum of $3,311.50 within thirty (30) days following receipt of this order.

Signed at Lafayette, Louisiana on August 10, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)