# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| EDDIE GREIG, et al. | CIVIL ACTION NO. 03-0417 |
| VS. | JUDGE DOHERTY |
| PAMELA CHAMPAGNE THIBODEAUX, et al. | MAGISTRATE JUDGE METHVIN |

### REPORT AND RECOMMENDATION
### ON MOTION TO AWARD COSTS AND ATTORNEY'S FEES
### (Rec. Doc. 141)

Before the court is the motion to award costs and attorney's fees filed by defendants The

City of St. Martinville, Mayor Eric Martin, and Pamela Champagne Thibodeaux ("movers") on

November 2, 2006.[1]  The motion is opposed by plaintiffs.[2]  For the following reason, it is

recommended that the motion be **DENIED.**

### *Background*

This lawsuit arises out of the 2002 election for the District 3 Council seat for the City of

St. Martinville, Louisiana.  Plaintiff Mary L. Francois and defendant Pamela Champagne

Thibodeaux were candidates in the election, which reached a May 4, 2003 run-off election ("the

election").  Thibodeaux won the run-off election, receiving 327 votes, including 52 absentee

votes.  Francois received 314 votes, including 10 absentee votes.

On May 14, 2002, Francois filed a civil action in state court entitled "Petition to Contest

Election, Declare Winner And/Or Void the Election."  Francois alleged that the election was

fraught with "wide-spread irregularities, error fraud and other unlawful activities."  Specifically,

---

[1] Rec. Doc. 141.

[2] Rec. Doc. 143.

Francois alleged that certain voters who claim homestead exemptions on property located outside District 3 or who are not residents of District 3 were nevertheless permitted to vote in the election. Francois also claimed that numerous voters were permitted to vote after presenting either no valid identification or identification showing that they did not reside in District 3.

Trial of the matter was held in St. Martin Parish from May 18 through May 24, 2002. In a judgment dated May 28, 2002, the trial court found that eleven votes were illegally cast, but that this number was insufficient to overturn the election. Accordingly, the court dismissed the suit. The Third Circuit Court of Appeal affirmed the trial court's decision on June 7, 2002, and the Louisiana Supreme Court denied writs on June 12, 2002. See Francois v. Thibodeaux, 817 So. 2d 1149 (La. 2002).

On March 5, 2003, plaintiffs filed the instant lawsuit, alleging violations of their due process and equal protection rights under the Fourteenth and Fifteenth Amendments of the United States Constitution, violations of their civil rights under 42 U.S.C. §§1981, 1983, 1985 and 1988, violations of the Voting Rights Act of 1965, 42 U.S.C. §1973, et seq., and violations of various Louisiana laws. Specifically, the complaint alleges: (1) that persons who had homestead exemptions in other district were nevertheless allowed to vote in District 3; (2) that persons who lived outside District 3 were allowed to vote in District 3; (3) that persons were allowed to vote without presenting proper identification; and (4) that persons who were qualified to vote in District 3 were not permitted to do so.

On December 10, 2003, while the instant civil lawsuit was pending, defendant Thibodeaux was indicted by a federal grand jury on four counts of conspiracy to submit false information in order to register to vote and/or submitting false information in order to register to

vote in connection with the 2002 City Council election. Other criminal charges were filed as well: on January 8, 2004, seven people – all *pro se* defendants in the instant lawsuit – pled guilty in state court to voter fraud in the election. Most of the charges to which the individuals pled guilty involved falsifying public records and casting fraudulent votes.

On April 12, 2005, Thibodeaux pled guilty in this court to one count of conspiracy to submit false information in order to register to vote in violation of 18 U.S.C. §371.[3] On January 18, 2006, Thibodeaux was sentenced to three years' probation, as well as home confinement with electronic monitoring for six months. Prior to her conviction, Thibodeaux resigned her seat on the St. Martinville City Council.

Meanwhile, the instant civil suit was progressing. On March 30, 2004, the court denied motions to dismiss filed by two groups of defendants.[4] A number of hearings were held to address discovery disputes. Hurricane Katrina intervened, causing further problems with discovery. Disciplinary proceedings were conducted in connection with plaintiffs' lead counsel, and plaintiffs' remaining counsel sought to withdraw. On July 7, 2006, the court granted two motions for summary judgment, noting that no oppositions had been filed and that "both motions appear to be well-grounded in law and in fact."[5] At this juncture, the only claims remaining were those asserted against certain individual voters who were proceeding *pro se*. On December 14,

---

[3] The remaining counts against Thibodeaux were dismissed by the government. Rec. Doc. 53.

[4] Rec. Doc. 46, denying motions to dismiss filed at Rec. Docs. 3 and 18.

[5] Rec. Doc. 121, granting motions for summary judgment filed at Rec. Docs. 97 and 102. Final judgment was entered in favor of these particular defendants on October 19, 2006. *See* Rec. Doc. 139.

2006, the district judge held a pre-trial conference in this case. Neither plaintiffs nor the

remaining defendants appeared. Accordingly, the court dismissed the case in its entirety.[6]

### Guidelines for Attorneys' Fees and Expenses Calculation

A "prevailing party" in a civil rights action is eligible for an award of attorney's fees

under 42 U.S.C. §1988.[7] See Associated Builders & Contractors of Louisiana, Inc. v. Orleans

Parish School Bd., 919 F.2d 374, 377 (5th Cir. 1990). The prevailing defendant may recover

attorney's fees if the plaintiff's action is frivolous, unreasonable, without foundation, or if the

plaintiff continued to litigate after it clearly became so. Hughes v. Rowe, 449 U.S. 5, 14-15, 101

S.Ct. 173, 178-79, 66 L.Ed.2d 163 (1980); Christiansburg Garment Co. v. EEOC, 434 U.S. 412,

422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978). See also Vaughner v. Pulito, 804 F.2d 873, 878

(5th Cir. 1986), citing Lopez v. Arkansas County Independent School District, 570 F.2d 541, 545

(5th Cir.1978) (court may award attorney's fees to a prevailing defendant under section 1988 only

if it specifically finds that plaintiff's suit was "frivolous, unreasonable or without any

foundation.").

In determining whether a plaintiffs' action is meritless or frivolous, the trial court must

focus on whether the case is so lacking in arguable legal merit or factual support as to be

groundless or without foundation rather than whether the claim was ultimately successful. Jones

---

[6] A docket entry has not yet been made for these events, which occurred yesterday. Judge Doherty's staff advised that a message was left for plaintiffs' counsel, John Pierre, on December 13, 2006 to remind him of the pre-trial conference and to inquire whether he intended to appear. Mr. Pierre did not return the phone call and did not appear at the pre-trial conference.

[7] 42 U.S.C. 1988(b) provides:

> In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . ."

v. Texas Tech. Univ., 656 F.2d 1137, 1145 (5th Cir. 1981). Factors important to the

determination of frivolity include (1) whether the plaintiff established a *prima facie* case; (2)

whether the defendant offered to settle; and (3) whether the district court dismissed the case or

held a full-blown trial. See Myers v. City of West Monroe, 211 F.3d 289, 292 (5th Cir. 2000),

citing United States v. Mississippi, 921 F.2d 604, 609 (5th Cir. 1991).

     In the instant case, application of the foregoing factors militates in favor of a finding that

the plaintiffs' claims were not frivolous. Plaintiffs clearly established a *prima facie* case of voter

fraud and/or irregularity under the Voting Rights Act. This court denied defendants' motion to

dismiss for failure to state a claim on May 16, 2003. Defendants had argued in their brief that

plaintiffs had failed to state a claim cognizable under case law construing the 14th or 15

Amendments:

> . . . the facts as alleged do not support a cause of action for systematically
> discriminatory action constituting the type of conduct that reaches a deprivation of
> the Fourteenth Amendment or Fifteenth Amendment. Moreover there are no
> allegations that the deception of which the movers are accused affected the
> election results. According to the allegations, some of the plaintiffs were allowed
> to vote, but others contend were denied access to voting privileges. Yet, there are
> no allegations of facts that explain how or why those who did not vote were
> prevented from voting and how those who had the opportunity to vote have been
> harmed.[8]

     Denial of defendants' motion to dismiss weighs against a finding that plaintiffs' claims

were frivolous. Furthermore, there was strong factual support for plaintiffs' claims. As noted

above, Thibodeaux and a number of other defendants ultimately pled guilty to criminal charges

---

[8] Defendants' "Memorandum in Support of Motion to Dismiss Pursuant to Rule 12(b)(6) or, alternatively, for
Summary Judgment as to Rule 56," Rec. Doc. 18, p. 11.

in connection with the election, and Thibodeaux resigned her seat on the City Council. These facts support a conclusion that plaintiffs' claims of voter fraud were not frivolous or meritless.

The second factor to be considered is whether the defendant offered to settle the case. Here it is undisputed that defendants made no offer of settlement. However, the Fifth Circuit has stated that this factor "is of questionable value in determining whether the plaintiff's claims are frivolous." Myers, 211 F.3d at 292. Indeed, parties are motivated by several factors – not all of them having to do with the merits of the case – in deciding whether to offer to settle a case. At the time that this case was pending, Thibodeaux was under federal indictment for conspiracy to commit voter fraud. Surely, the pendency of that indictment would have had an impact on Thibodeaux's decision not to offer to settle the instant civil case. Accordingly, the undersigned concludes that this factor does not weigh in favor of a finding of frivolity.

The third factor addresses whether the case went to trial or was dismissed. All claims in the instant suit were ultimately dismissed on unopposed motions for summary judgment, or for plaintiffs' failure to prosecute.[9] Because dismissal of the claims was not based upon a full merits review, this factor does not support a finding that plaintiffs' claims were frivolous. Furthermore, earlier in the case, the court denied two motions to dismiss for failure to state a claim.[10]

Plaintiffs' failure to oppose the motions for summary judgment, or to appear at the pretrial conference, might be construed as an admission that the claims had no merit. The record tells a different story. Plaintiffs' first attorney, Jermaine Williams, was sanctioned numerous

---

[9] See Rec. Doc. 121 (Order granting motions for summary judgment filed at Rec. Docs. 97 and 102); Rec. Doc. 139 (Order granting entry of final judgment as to certain defendants); and footnote 6, supra, with respect to dismissal of all remaining defendants.

[10] See footnote 4 , supra.

times for his failure to cooperate in the discovery process, leading to a report recommending that he be suspended from practice in this district.[11]  Mr. Williams ultimately withdrew from the case, leaving co-counsel, John Pierre, as the sole attorney representing plaintiffs.  Mr. Pierre advised during a hearing held earlier this year, that he had enrolled only as support counsel; that Williams' withdrawal as lead counsel had been unexpected; that Pierre was not able to prosecute the case alone; and that while Pierre's intention had always been to withdraw, he had stayed on for the sole purpose of trying to settle the case.  During that hearing, the lead plaintiff, Mary François, stated that she wanted to have new counsel enroll to replace Mr. Pierre.  However, the attorney in question, Willie Xanders of New Orleans, never successfully enrolled as counsel.[12]

The record shows that, plaintiffs' claims had strong factual support, and while they may have been subject to challenge on certain legal grounds, they were ultimately dismissed for failure to prosecute.  Accordingly, the fact of the dismissal does not support a conclusion that the claims were frivolous.

### Conclusion

Considering the foregoing, **IT IS RECOMMENDED** that movers' motion to award costs and attorneys fees be **DENIED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may

---

[11]  Rec. Doc. 133.

[12] Although Mr. Xanders attempted to file a motion to enroll, it did not comply with the Local Rules, which require current counsel to file any motion to enroll additional counsel.  The motion to enroll was therefore stricken from the record, and the deficiency was never corrected.  See Rec. Docs. 128 & 129.

respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).**

Signed at Lafayette, Louisiana, on December 15, 2006.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)