RECEIVED

MAY 2 2 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| EDDY GREIG, ET AL | CIVIL ACTION NO: 03-0417 |
| VERSUS | JUDGE DOHERTY |
| PAMELA CHAMPAGNE THIBODEAUX, ET AL | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is a "Report Recommending Suspension of Attorney Jermaine Williams to Practice in this District" issued by Magistrate Judge Methvin. [Doc. 133]. Attorney Williams filed a "Response to Recommendation of Suspension" [Doc. 136] in which Mr. Williams requests this Court to deny the Recommendation. Mr. Williams also filed a Request for Hearing [Doc. 137]. For the following reasons, this Court: (1) ADOPTS IN PART and REJECTS IN PART Magistrate Judge Methvin's Recommendation; and (2) DENIES Mr .Williams's request for oral arguments [Doc. 137].

## I.    FACTS

The Report and Recommendation discusses identifies three matters forming the basis of the recommendation for suspension of Mr. Williams to practice in this District: (1) *Greig, et al. v. Thibodeaux, et al.*, Civil Action No. 03-417; (2) *U.S.A. v. Bernd Johann Thomann,* Crim. No. 06-60022; and (3) *Straightforward America v. Gaspard* , Civil Action No. 04-2549. A review of the docket in each matter reveals the following:

(1) *Greig, et al. v. Thibodeaux, et al.*, Civil Action No. 03-417[1]

On March 5, **2003**, following a March 4, 2002 election in St. Martinville Parish, Jermaine Williams filed a petition on behalf of 29 individuals against 19 defendants related to alleged violations of the united States Constitution, Louisiana tort law and the Louisiana election code in the matter of *Greig, et al. v. Thibodeaux, et al.*, Civil Action No. 03-417 [Doc. 1]. On August 25, **2005**, and on August 29, 2005, defendants, City of St. Martinville, Mayor Eric Martin, and Pamela Champagne Thibodeaux filed motions to Compel Discovery [Docs. 63, 65], based on allegations: (1) discovery was propounded upon plaintiffs by defendants on May 6, 2005 and June 16, 2005; (2) after "both written and verbal requests to the plaintiffs' counsel to provide responses to the discovery," defendants received plaintiffs' discovery responses "some two and a half months later;" however, the responses were inadequate and incomplete; (3) defense counsel contacted Mr. Williams on August 3, 2005, when Mr. Williams agreed to submit the discovery responses; however no responses were provided as of August 18, 2005; (4) defense counsel attempted to contact Mr .Williams on August 23. 2005, but he was "unavailable;" and (5) no further contact nor information concerning the discovery was received by defendants.  Plaintiffs, who were represented by Mr. Williams, were served with copies of the motions to compel but filed *no opposition to either motion.*

On September 19, 2005, Magistrate Judge Methvin granted the Motions to Compel in a Ruling on Motions to Compel Discovery [Doc. 72], and **ordered** that the discovery responses be provided "**within ten days of the date of this order.**"  Additionally, Magistrate Methvin **ordered**

---

[1] This Court discusses this matter in greater length than the others, as this Court presided over the matter and has particular familiarity with the attorneys and the case, which experienced a difficult and disturbing procedural history that ultimately culminated in a pretrial conference at which *no one,* other than the staff of this Court, appeared. This Court dismissed the matter subject to its exercise of ongoing jurisdiction to consider the underlying Report and Recommendations. [Doc. 145].

plaintiffs to pay attorney's fees and costs in connection with filing the motions to compel and directed defense counsel to submit an affidavit of fees and costs into the record to assist the court in the assessment of a reasonable fees and costs award.  Plaintiffs, through Mr. Williams, were served with notice of Magistrate Judge Methvin's Ruling on Motions to Compel Discovery; however, *no response of any kind was filed by plaintiffs.*

On September 28, 2005, in compliance with Magistrate Methvin's ruling, counsel for defendants filed an Affidavit of Costs indicating a total of $974.50 were incurred by defense counsel in connection with filing the motions to compel. [Doc. 76].  Mr. Williams, on behalf of plaintiffs, was served with the affidavit of costs; however, *no opposition of any kind* was filed on behalf of plaintiffs.  Likewise, a Notice of Motion Setting [Doc. 77] regarding the attorney fee issue was served upon Mr. Williams on September 28, 2005; however, *no opposition of any kind* was filed by Mr. Williams.  On October 20, 2005, Magistrate Judge Methvin considered the affidavit of attorney fees and the applicable law in rendering an award based on the reasonableness of the attorney fees and costs. [Doc. 79].  Again, Mr. Williams was served with notice of the Ruling, yet filed *no opposition or response of any kind* to the Ruling.

On November 2, 2005, counsel for defendants filed a Motion to Enforce Ruling on Motions to Compel Discovery and for Sanctions [Doc. 80], generally indicating discovery responses submitted by Mr. Williams remained insufficient despite Magistrate Methvin's Ruling on Motions to Compel and that Mr .Williams was "unavailable" to speak with counsel for defendants about the discovery.  A copy of the Motion to Enforce was served upon Mr. Williams, who again *filed no response or opposition*.  Thereafter, on November 15, 2005, upon request of defense counsel who apparently believed Mr. Williams would finally provide discovery, Magistrate Judge Methvin

dismissed as moot the Motion to Enforce.[2] [Doc. 83].

On February 22, 2006, Mr. Williams filed a motion to withdraw as attorney of record. [Doc. 90]. On March 2, 2006, Mr .Williams withdrew from the matter. [Doc. 91]. Thereafter, on April 27, 2006, counsel for defense filed another Motion to Compel and *again* filed a Motion to Enforce Magistrate Judge Methvin's Ruling on Motions to Compel and for Sanctions. Notice was mailed to Mr. Williams, who did not respond. On April 28, 2006, a Notice of Motion Setting regarding the Motions to Compel and to Enforce the prior Ruling [Doc. 94], was mailed to Mr. Williams, who filed no response. On May 18, 2006, an Order Setting Status Conference in Connection with Defendants' Motion to Compel, to Enforce Ruling on Motions to Compel and for Sanctions was issued by Magistrate Methvin indicating a June 21, 2006 hearing on the motions would be held. Mr. Williams was mailed a copy of the Order and apparently was sent notice via facsimile transmission as well. [Doc. 99].

On June 21, 2006, following a hearing at which Mr. Williams failed to attend,[3] Magistrate Judge Methvin issued an order requiring Mr. Williams to pay $974.50 in costs and attorneys fees incurred by opposing counsel in bringing various discovery motions [Doc. 115].[4] Magistrate Judge

---

[2] This factual finding by Magistrate Judge Methvin is not disputed or otherwise objected to by Mr. Williams in his response to the Report and Recommendation. Moreover, in the criminal matter in which he was ordered to appear at Show Cause hearing, Mr. Williams referred to *Greig* and noted that, on or about November 15, 2005, "it appeared the discovery problems had been resolved, which is why the Rule Mooting Motion to Enforce Judgment was entered." [*U.S.A. v. Bernd Johann Thomann,* Crim. No. 06-60022, Doc. 28].

[3] Of note, Magistrate Judge Methvin previously discussed this matter directly with Mr. Williams on June 14, 2006, when he appeared at a different Rule to Show Cause why Mr. Williams should not be found in contempt in a criminal matter. [Doc. 115, p. 3, n. 2; *accord U.S.A. v. Bernd Johann Thomann,* Crim. No. 06-60022, Doc. 29].

[4] In the Minutes, Magistrate Judge Methvin noted problems with Mr. Williams's representation in other matters as well. [Doc. 115].

Methvin noted that upon Mr. Williams's withdrawal from the case, attorney John Pierre "involuntarily became the sole attorney for the case," while Mr. Pierre enrolled simply to assist and had no intention of being sole counsel.   Magistrate Methvin found the discovery in the matter was in fact "hampered by myriad problems, including inadequate representation by attorney Jermaine Williams, Hurricane Katrina, and the absence of effective trial counsel after Mr. Williams withdrew from the case."  Mr. Williams  was ordered to make the $974.50 payment within thirty (30) days or face a Rule to Show Cause why Mr. Williams should not be recommended for suspension from practice in this District.   Notice of the Minutes of Court were mailed to Mr. Williams on June 21, 2006 [Doc. 115]; however, Mr. Williams filed *no response of any kind.*  On June 28, 2006, notice of the Minutes of Court and copy thereof were again mailed by the Court to Mr. Williams, *via certified mail.* [Doc. 125], which was received by Mr. Williams.

On August 16, 2006, after Mr. Williams took no action of any kind before the Court or otherwise paid the $974.50 attorney fee award ordered by Magistrate Methvin, the Magistate Judge issued a Rule to Show Cause why Mr. Williams should not be sanctioned on September 21, 2006. [Doc. 125].  A copy of the return receipt indicating Mr. Williams received *via certified mail* the June 21, 2006 Minutes of Court was filed into the record, and mailed to Mr. Williams.  [Doc. 126].  On September 21, 2006, Mr. Williams appeared before Magistrate Methvin at the Show Cause hearing. At that time, Mr. Williams indicated that he "presumed" he received a copy of the June 21, 2006 Minutes indicating he was ordered to pay $974.50, but argued the sanction  violated his "due process" rights since he did not have notice and an opportunity to defend himself.  Thereafter, the Court noted problems in this matter as well as others, but gave Mr. Williams an opportunity to "say whatever you want to say." Mr. Williams introduced his discovery responses from 2005 and argued

the responses were sufficient.  Mr. Williams acknowledged he never responded to the 2005 Motions to Compel or the subsequent Orders that followed; however, he refused to pay the $974.50 sanction. [*See* Transcript of the Rule to Show Cause Hearing].

     (2)     *U.S.A. v. Bernd Johann Thomann,* Crim. No. 06-60022

     Pursuant to an April 18, 2006 Criminal Scheduling Order setting a June 19, 2006 trial date, a Pretrial Conference was set for June 8, 2006 at 10:00 a.m. by telephone, and Mr. Williams was to initiate the call. [Doc. 11].  On June 8, 2006, Mr. Williams not only failed to initiate the conference call, but he also failed to attend the conference whatsoever because he apparently left for New York. Without filing any motion or otherwise seeking permission from the Court, Mr. Williams had an associate who was not enrolled in the case and who was not admitted to practice in the Western District initiate the call and "sit in" on the conference.  Because the associate was unaware he needed to include the government on the conference call, the call began late.  Although the associate had Mr. Williams's cell phone number, he advised Mr. Williams was unavailable. The associate advised Mr. Williams planned on filing a Motion for Continuance, but was unaware what the basis of the motion would be, nor did he know when the motion would be filed.  Thus, Magistrate Judge Methvin ordered the Motion to Continue be filed no later than June 9, 2006.  She additionally ordered a Show Cause Hearing on June 14, 2006, to address the failure of Mr. Williams to attend the Pretrial Conference. [Docs. 25, 26].

     On June 13, 2006, Mr. Williams filed a Response to Rule to Show Cause [Doc. 28] in which Mr. Williams admitted he was aware that he had a conflict on the scheduled date of the pretrial conference and requested his associate "handle the pre-trial for me."  He referred to the *Greig* matter and indicated his 2005 discovery responses were sufficient.  He also referred to the matter of

*Straightforward America v. Gaspard* , Civil Action No. 04-2549, discussed *infra*, wherein he was enrolled as co-counsel on behalf of defendant.  Mr Williams acknowledged he did not provide contact information for a former law partner upon Magistrate Judge Methvin's request on May 1, 2006, and he indicated that incident is "the driving force behind this request for sanctions."  Mr. Williams indicated he has "never and will never blatantly ignore an order of any Court."[5]

At the Show Cause Hearing, Mr .Williams was admonished for having a non-enrolled, non-member of this Court's bar participate in the criminal Pretrial conference, and was advised that he may not ignore motions filed against his clients in civil cases, nor is it appropriate for him to ignore court orders requiring him or his clients to act.  Magistrate Methvin noted that Mr. Williams's failure to abide by court orders indicates he is reluctant to be present in federal court, but Mr. Williams advised that it is his intent to continue to practice in federal court.  Considering Mr. Williams's assurance that he would familiarize himself with all of the federal civil, criminal and local rules and that he will conduct himself with a higher level of professionalism, Magistrate Methvin took no action at the time.  However, she noted that, "any future problems involving Mr. Williams will result in either a recommendation by this magistrate judge that he be disciplines or it will be directly addressed by the district judges."[6]

(3)      *Straightforward America v. Gaspard* , Civil Action No. 04-2549

_____

[5]  Notably, this statement was made by Mr. Williams in his brief filed with the Court on June 13, 2006, nearly *nine months* after he was originally ordered to produce discovery in the *Greig* matter and when he was served with notice of the award of attorney fees against his client in *Greig*.  As discussed above and elsewhere herein, the failure to comply with those orders forms in part the basis of the Report and Recommendation for Mr. Williams's suspension from practicing in this District.

[6]  This admonition was several days before Mr. Williams failed to appear at the Show Cuase hearing in *Greig*, and several months before he refused to pay the $974.50 sanctions imposed against him.

In this matter, Magistrate Methvin issued a February 13, 2006 Report and Recommendation to enter a default judgment against the defendant related to multiple failures to provide discovery. [Doc. 32]. Mr. Williams was enrolled as attorney to be noticed along with Mr. Greg Williams, Sr., who was designated lead attorney on behalf of the defendant. [Doc. 9]. Magistrate Methvin also issued an Order Granting Attorney's Fees [Doc. 33] against defendant. On May 1, 2006, the day before Mr. Gregory Williams was scheduled to appear before Magistrate Methvin's court for an evidentiary hearing to determine damages requested by the plaintiff, Magistrate Methvin contacted Mr. Jermaine Williiams's office looking for Mr. Gregory Williams, who recently departed from Mr. Jermaine Williams's firm. Magistrate Methvin was advised by Mr. Jermaine Williams's office that they could not provide an office number for Mr. Gregory Williams.[7]

## II.    STANDARD OF REVIEW

A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C.A. § 636(b)(1); Local Rule 74.1(B).

## III.   LAW

Local Rule 83.2.10A provides in pertinent part that any judge of this Court may initiate disciplinary proceedings, including fine, suspension or disbarment. The judge may take action directly under some circumstances or, when appropriate, by submitting the matter to a Special

---

[7] Notably, Mr. Jermaine Williams indicated in his June 13, 2006 Response to Rule to Show Cause in the *Thomann* matter that he was in fact able to contact Mr. Gregory Williams "via his cellular phone." [*Thomann*, Crim. No. 06-60022, Doc. 28].

Master, a United States Magistrate Judge or the Chief Judge of this court for a hearing.  LR 83.2.10A.

Moreover, any judge of this Court may, pursuant to the inherent powers of the Court, the Federal Rules or the United States Code, fine or temporarily suspend for a period not to exceed ninety (90) days, for good cause shown, any member of the bar of this Court *without* regard to any of the formalities set forth in Local Rule 83.2.10A, in addition to the right of the Court to exercise judicial control as set forth in Section E of this rule.  LR 83.2.10C.

Section E of Local Rule 83.2.10 sets forth:

Nothing in this rule shall be read to limit the inherent powers of a judge to control litigation, nor to limit the powers to impose fines, penalties and sanctions granted under the Federal Rules, United States Code or as otherwise authorized by law. Imposition of fines, penalties and sanctions otherwise so authorized may occur, without the imposing judge being required to "initiate disciplinary proceedings" within the meaning of Section A of this rule.

LR 83.2.10E.

Local Rule 83.2.12 provides that, where counsel has appeared for any party, other counsel may appear for the same party *only* upon: (1) motion of counsel of record for that party, or motion consented to by him/her; (2) upon motion, after counsel for the party has been permitted to withdraw or has died, or is incapacitated, or cannot be found; or (3) upon motion of a party after notice to counsel of record and a hearing thereon.

Additionally, it has long been understood that "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution," powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others."  For this reason, "Courts of justice are universally acknowledged to be vested, by their very creation, with power to

impose silence, respect, and decorum, in their presence, and submission to their lawful mandates."

These powers are "governed not by rule or statute but by the control necessarily vested in courts to

manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal citations omitted).

> Moreover, 28 U.S.C. § 1927 provides:
>
> Any attorney or other person admitted to conduct cases in any court of the United
> States or any Territory thereof who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the court to satisfy personally the
> excess costs, expenses, and attorneys' fees reasonably incurred because of such
> conduct.

28 U.S.C.A. § 1927 (West 2007).

## IV.   DISCUSSION

Upon careful consideration of the record, the applicable law, the Report and

Recommendations by Magistrate Judge Methvin and the response filed by Mr. Williams, this Court

sees no need to receive further evidence or recommit the matter to the magistrate judge with

instructions. Additionally, a review of Mr. Williams's response to the Report and Recommendation

reveals Mr. Williams makes no factual objections to Magistrate Judge Methvin's factual findings

in the *Grieg* matter which clearly establishes Mr. Williams received multiple notices to act over a

great period of time, yet he opted to do nothing. Moreover, Mr. Williams offers no factual

objections to Magistrate Judge Methvin's factual findings in the *Thomann* matter, and he

unequivocally admits that he failed to follow the local rules of this Court by substituting another

attorney who was not licensed to practice law in this District to appear on behalf of his client in a

*criminal* matter without filing any motions or otherwise obtaining any permission of the Court for

the substitution. Consequently, this Court sees no need for a hearing insofar as Mr Williams by his

own briefing provides support for a conclusion he should be sanctioned. Therefore, Mr. Williams's Request for Hearing is **DENIED**.

Mr. Williams, who identifies no specific objections to the Report and Recommendations, simply argues all of the recommended sanctions in the *three* matters discussed by Magistrate Methvin are related to the May 1, 2006 telephone call between his office and Magistrate Methvin's chambers in the *Gaspard* matter. This Court finds his argument wholly overlooks his failure to conduct himself professionally in the remaining matters and demonstrates recalcitrance to comply with court orders and local rules of Court. While he does not object to the factual findings made by Magistrate Methvin as to *Greig* and *Thomann*, he simply dismisses the recommendations as the result of some alleged animus by Magistrate Methvin's office related to one telephone call. This Court simply cannot accept his argument as convincing, particularly in consideration of this Court's familiarity with Mr. Williams's representation in the *Greig* matter.

This Court notes Mr. Williams has expressed concern over his due process rights, which certainly command attention at first blush; however, Mr. Williams's due process arguments are unavailing, given *multiple* notices mailed either electronically, via facsimile, and via *certified mail*, and also in consideration of numerous opportunities and indulgences provided to Mr. Williams to simply respond to the various motions and orders by way of a simple motion to alter or amend judgment. Rather than make any effort to address the various motions, orders and sanctions imposed, Mr. Williams chose to do *nothing*. This the Court cannot ignore insofar as Courts cannot manage their own affairs so as to achieve the orderly and expeditious disposition of cases without the willingness of attorneys to follow the Local Rules of the Court and the Federal Rules of Civil and Criminal Procedure.

This Court finds that Mr. Williams should be and hereby is **ORDERED** to pay $974.50 which was originally ordered by Magistrate Methvin related to his failure to perform in the *Greig* matter and suspends him from practice within this district unless and until Mr. Williams pays the amount ordered and for ninety (90) days thereafter pursuant to Local Rule 83.2.10A.  Thus, this Court **ORDERS that Mr. Williams may not file any further submissions within this District in any matter in which he is counsel of record until ninety (90) days subsequent to his having complied with Magistrate Judge Methvin's ruling to pay the amount ordered**.

## V.      CONCLUSION

In consideration of the foregoing, this Court adopts the factual findings in the *Greig* and *Thomann* matters but modifies the Report and Recommendation that Mr. Williams be suspended from the practice of law in this District to comply with Local Rule 83.2.10A.  Thus, Mr. Williams is hereby **ORDERED** to pay $974.50 to the Clerk of Court and **MAY NOT file any further submissions** in this District **related to any matters** for **ninety (90) days subsequent to the date of his payment of the $974.50**.

THUS DONE AND SIGNED this ___2 1___ day of May, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE